THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RESHAUD TODD BROWN,<br><br>                Petitioner,<br><br>   v.<br><br>JERI BOE,<br><br>                Respondent. | CASE NO. C19-1977-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Reshaud Todd Brown's objections (Dkt. No. 23), including supplementation (Dkt. No. 24), to the report and recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 16), and Mr. Brown's motion for leave to file overlength briefs (Dkt. No. 25). Having thoroughly considered Mr. Brown's objections and the relevant record, the Court hereby finds oral argument unnecessary and OVERRULES Mr. Brown's objections, APPROVES and ADOPTS the R&R, DENIES the petition for a writ of habeas corpus, DISMISSES the case with prejudice, and GRANTS Mr. Brown leave to file overlength briefs for the reasons explained herein.

**I.    BACKGROUND**

Judge Peterson's R&R sets forth the underlying facts of this case and the Court will not repeat them here except as relevant. (*See* Dkt. No. 16 at 2–4.) Mr. Brown brought this 28 U.S.C.

§ 2254 habeas action to challenge his second-degree assault conviction.[1] (*See generally* Dkt. No. 7.) Mr. Brown argued in his petition that (1) the trial court unreasonably violated due process in failing to instruct the jury on third-degree assault as an inferior degree offense of second-degree assault, (2) the Court of Appeals unreasonably found that the factual prong of the test for an inferior third-degree assault instruction was not met by the evidence, (3) defense counsel was ineffective in failing to request a third-degree assault instruction as an inferior degree offense to second-degree assault, and (4) the Court of Appeals unreasonably conflated the sufficiency of the evidence standard with the *Strickland* prejudice test in its opinion rejecting his ineffective assistance of counsel claim. (Dkt. No. 7 at 5, 7, 8, 10.) Judge Peterson recommended the Court deny Mr. Brown's petition, dismiss his action with prejudice, and deny him issuance of a certificate of appealability with respect to all claims. (Dkt. No. 16 at 17.) Following extensions provided by the Court, Mr. Brown timely filed objections to Judge Peterson's R&R (Dkt. Nos. 23, 24).

## II. DISCUSSION

### A. Legal Standard

State prisoners may collaterally attack their detention in federal court if they are being held in violation of the Constitution or laws and treaties of the United States. 28 U.S.C. § 2254(a). Under the standards imposed by the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant a habeas corpus petition with respect to any claim adjudicated on the merits in state court only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court" or (2) "was based on an unreasonable determination of the facts in light of the evidence

---

[1] Mr. Brown indicates that he submitted a separate § 2554 petition challenging the imposition of a mandatory life sentence pursuant to Washington's Persistent Offender Accountability Act. (*See* Dkt. No. 7 at 12.) Judge Peterson's R&R did not address this issue and it is not the subject of the objections presently before the Court. (*See generally* Dkt. Nos. 16, 23, 24.)

presented in the state court proceedings." 28 U.S.C. § 2254(d). The court may find constitutional error only if the state court's conclusion was "more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2005) (internal citations omitted). A federal court may not overturn state court findings of fact "absent clear and convincing evidence" that they are "objectively unreasonable." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). A petitioner carries the burden of proof and the Court is "limited to the record before the state court that adjudicated the claim[s] on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal citations omitted). Even if the Court finds constitutional error, a habeas petitioner is not entitled to relief unless the error had a "substantial and injurious effect or influence on the" factfinder. *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (extending *Brecht v. Abrahamson*, 507 U.S. 619 (1993), to a federal court's collateral review of a state-court criminal judgment on a habeas petition).

### B. Petitioner's Objections

District courts review *de novo* those portions of an R&R to which a party properly objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Specific objections are required to enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Here, Mr. Brown lodged a number of general objections to Judge Peterson's R&R, which the Court will not address.[2] *See Ali v. Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) (general objections have the same effect as no objection at all since they do not

---

[2] Mr. Brown's general objections include the following: objection to "'all' of the Magistrate's factual and/or legal findings," objection to "the Magistrate's characterization of Petitioner's assertion" regarding "'various pieces of evidence in the record,'" and finally the objection to Judge Peterson's overall conclusion recommending dismissal of the petition. (Dkt. No. 23 at 1, 17.)

ORDER
C19-1977-JCC
PAGE - 3

focus the Court's attention on any specific issues for review)). He also lodged the following specific objections: (1) Judge Peterson erroneously determined that it was not objectively unreasonable for the Washington Court of Appeals to hold that Mr. Brown failed to establish the factual prong for an inferior third-degree assault instruction, (2) Judge Peterson was incorrect in concluding that Mr. Brown was not prejudiced by counsel's failure to request an inferior degree instruction, and (3) Judge Peterson's unlawfully concluded that no certificate of appealability need be issued here.

1.  *Inferior Degree Instruction*

Under Washington law, a jury instruction on a lesser-degree offense is appropriate when, "(1) the statutes for both the charged offense and the proposed inferior degree offense 'proscribe but one offense;' (2) the information charges an offense that is divided into degrees, and the proposed offense is an inferior degree of the charged offense; and (3) there is evidence that the defendant committed only the inferior offense." *State v. Peterson*, 948 P.2d 381 (Wash. 1997) (citing *State v. Foster*, 589 P.2d 789, 794 (Wash. 1979); *State v. Daniels*, 784 P.2d 579, 582 (Wash. App. 1990)). Mr. Brown argues that an inferior degree instruction, for third-degree assault, should have been provided to the jury and that it was objectively unreasonable for the Washington Court of Appeals to determine that that factual prong requiring the instruction had not been established. (Dkt. Nos. 23 at 2–18, 24 at 1–3.) The Court disagrees.

As a threshold matter, the Court notes that for it to award § 2254 habeas relief based upon the trial court's failure to provide the desired jury instruction, as a matter of state law, the resulting error must have "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). Mr. Brown's burden is "especially heavy" in that "[a]n omission, or an incomplete instruction is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

As Judge Peterson noted, and this Court agrees, "none of the independent pieces of evidence cited in [Mr. Brown's] materials undermine the Court of Appeals' conclusion that the

ORDER
C19-1977-JCC
PAGE - 4

1   evidence did not show [Mr. Brown] committed *only* the inferior degree offense of third-degree
2   assault to the exclusion of the greater offense of second-degree assault." (Dkt. No. 16 at 11
3   (emphasis in original).) Therefore, it was not an unreasonable determination of the facts for the
4   Court of Appeals to conclude that the inferior degree instruction was not required. *See State v.*
5   *Brown*, 5 Wash. App. 2d 1037, slip op. at 4 (Wash. App. 2018). Accordingly, Mr. Brown fails to
6   meet his burden to demonstrate that he is entitled to § 2254 habeas relief on the basis of a Due
7   Process violation.

8   Mr. Brown also takes issue with Judge Peterson's recommendation on his ineffective
9   assistance of counsel claim, as it relates to the failure to argue for a lesser-degree instruction. The
10  Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.
11  *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts evaluate claims of ineffective
12  assistance of counsel under the two-prong test set forth in *Strickland.* Under that test, a petitioner
13  must prove that (1) counsel's performance fell below an objective standard of reasonableness
14  and (2) a reasonable probability exists that, but for counsel's error, the result of the proceedings
15  would have been different. *Id.* at 687–94.

16  Mr. Brown argues that counsel's performance at trial was ineffective in that counsel
17  asked for a lesser-included offense instruction, rather than a lesser-degree instruction for third-
18  degree assault. (Dkt. No. 23 at 18–19.) But even if the Court of Appeals' legal decision on the
19  issue is not entitled to deference here, its factual determination is. And on this basis, Mr.
20  Brown's § 2254 claim fails. He has not shown that he presented sufficient evidence to establish
21  the factual prerequisite for a lesser-degree instruction, as described above. Accordingly, he
22  cannot meet the second prong under *Strickland* to establish ineffective assistance of counsel.

23        2.    *Certificate of Appealability*

24  A petitioner may appeal a district court's dismissal of his federal habeas petition only
25  after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA
26  may issue only where a petitioner has made a "substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, the Court agrees with Judge Peterson's recommendation. Mr. Brown has not demonstrated that reasonable jurists could conclude the issues presented deserve encouragement to proceed further and, accordingly, there is no basis to grant a COA.

### C. Motion for Leave to File Overlength Briefs

Objections to an R&R ordinarily shall not exceed 12 pages. W.D. Wash. Local Civ. R. 72. However, Mr. Brown moved for leave to file briefs totaling 23 pages. (Dkt. No. 25.) While the additional pages were not necessary to adequately present his objections, given that he is proceeding *pro se* in this matter, the Court finds cause to grant leave for the additional pages sought by Mr. Brown.

### III. CONCLUSION

For the foregoing reasons, the Court hereby FINDS and ORDERS as follows:

1. Petitioner's objections (Dkt. Nos. 23, 24) to the R&R are OVERRULED;
2. The Court APPROVES and ADOPTS the R&R (Dkt. No. 16);
3. The habeas petition (Dkt. No. 7) and this action are DISMISSED with prejudice;
4. Petitioner is DENIED issuance of a certificate of appealability on all claims;
5. Petitioner's motion for leave to file overlength briefs (Dkt. No. 25) is GRANTED; and
6. The Clerk is DIRECTED to send copies of this order to the parties and to Judge Peterson.

//
//
//

1     DATED this 15th day of March 2021.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE